## BEMENT v. BEMENT.

No. 6962.   Decided December 16, 1946.   (174 P. 2d 996.)

See 38 C. J. Marriage, sec. 131; 35 Am. Jur. 265.   Annulment—Effect of complainant's participation in wife's incontinence, note, 13 A. L. R. 1441.

*Christenson & Christenson,* of Provo, for appellant.

*D. C. Winget,* of Monroe, for respondent.

LARSON, Chief Justice.

The plaintiff sought to have his marriage with the defendant annulled on the ground of fraud. Defendant counterclaimed for divorce. The district court granted the divorce. Plaintiff appeals.

Plaintiff avers that he was induced into marriage to the defendant by her representations that she was pregnant with his child, when in fact at the very time she made the representations she was, as she well knew, with child by another man.

There is a line of cases holding that a husband, to be qualified to ask relief of this nature, should be pure and chaste himself—at least so far as his wife is concerned. There are also cases holding contra. See *Gard* v. *Gard,* 204 Mich. 255, 169 N. W. 908, 11 A. L. R. 923. However in this case we need not commit ourselves to either line of cases. Plaintiff admits that he has been guilty of antenuptial incontinence with the defendant. He tempted her and she yielded. Certainly under such circumstances, it is with poor grace that he complains of her impurity or pregnancy. He is just as much a transgressor as is she. When he made himself acquainted with her weaknesses he knew from personal experience that she was not a virgin at the time of marriage. If with this knowledge he married her and at the time of marriage she was pregnant by another man, while it must be admitted that this situation is unfortunate, it is, nevertheless, obvious that he is not in a very good position to complain. In point of moral purity both are on the same footing; he cannot in good conscience accuse her, for he is particeps criminis; he cannot say he was deceived as to her virtue, for he pricked the bubble. He might say he did not know all, but he certainly knew enough. He knew he was marrying a woman who had transgressed at least once, and when a man with such knowledge marries a woman, should he not be held to the rule of caveat emptor?

It is an established principle of the law that a marriage may be annulled in any case where it is clearly shown that

a man has been fraudulently entrapped into marriage with a woman whom he believed to be virtuous, but who was in fact at the time of the marriage pregnant by another man. The obvious reason being that she has thereby not only inflicted upon him by deception the greatest possible injury, but subjected them both to scandal and ill repute. See Domestic Relations by Schouler, 6th Ed., page 36. Also *Reynolds* v. *Reynolds*, 3 Allen, Mass., 605; *Baker* v. *Baker*, 13 Cal. 87; *Gard* v. *Gard*, supra.

On a careful consideration of the whole evidence, this court is convinced that the plaintiff failed to sustain his burden of proof that the defendant was pregnant by another man at the time of marriage. On the contrary we find that the evidence amply sustains the findings and conclusions that defendant gave birth to the plaintiff's child.

Judgment is affirmed. Costs to respondent.

PRATT, Justice (concurring in result).

I concur in the result as I think the preponderance of the evidence supports the lower court's decision.

WADE, Justice (concurring).

I concur on the ground that the preponderance of the evidence shows that plaintiff was the father of the child. As to other matters contained therein I express no opinion.

McDONOUGH, Justice (concurring).

I concur in the views expressed in the opinion of Mr. Justice WADE.

WOLFE, Justice (concurring).

I concur on the ground that the preponderance of evidence shows that the plaintiff was the father of the child. As to the other matters contained in the opinion I express no opinion as they seem to introduce a bit of moralizing with which the judiciary is not concerned. I also call attention

to the fact that the real reason why the early common law concerned itself with annulment of marriage because of the wife's pregnancy by another than the husband was because the feudal law of estate-tail depended on heirship of the husband. The heir was the issue of both the body of the wife and the husband. This and the fraud I think, rather than the scandal and ill repute reflected on the spouses which would be set agog and greatly aggravated by a trial, were the real reasons for setting aside the marriage.